IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GEORGIA BYARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1267-JDT |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AFFIRMING DECISION OF THE COMMISSIONER

Plaintiff filed this action to obtain judicial review of the Commissioner's final decision denying her applications for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.* and for Supplement Security Income ("SSI"). Plaintiff's applications were denied initially and on reconsideration. After a hearing, on March 19, 2013, an administrative law judge ("ALJ") found that Plaintiff was not under a disability as defined in the Act. The Appeals Council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff then filed this action, requesting reversal of the Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

A Social Security claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. 42 U.S.C. § 405(g). "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment

affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, id.; Jones v. Commissioner, 336 F.3d 469, 478 (6th Cir. 2003) (citing Wyatt v. Secretary, 974 F.2d 680, 683 (6th Cir. 1992)), and whether the correct legal standards were applied. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff was born on April 15, 1977, and was thirty four years old at the time of the filing of her application for benefits on February 14, 2012. R. 157-166. She has a high school education. Plaintiff alleges that she is disabled due to bilateral hand pain, low back, knee and foot pain, and osteoarthritis and rheumatoid arthritis in her low back. R. 203. Plaintiff alleges that she became disabled on February 9, 2011, the day after a prior ALJ found that she was not disabled. R. 52.[1]

The ALJ enumerated the following findings: (1) Plaintiff met the disability insured status requirements through December 31, 2012; (2) Plaintiff has not engaged in substantial

---

[1] Plaintiff's prior claim was denied by an ALJ in a decision dated February 8, 2011.

gainful activity since the alleged onset date of disability; (3) Plaintiff has severe impairments of congenital shortening of the right arm humerus and a remote history of left knee chondromalacia patella tendonitis; but she does not have an impairment or combination of impairments which meet or equal in severity the clinical criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff has the residual functional capacity to perform the full range of medium work; (5) Plaintiff is able to perform her past relevant work as a nurse's assistant; (6) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational

factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Willbanks v. Secretary, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform her past relevant work.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff challenges the ALJ's evaluation of the medical evidence and the assessment of her credibility. Plaintiff's arguments are not persuasive.

In Gayheart v. Commissioner, 710 F.3d 365 (6th Cir. 2013), the Court of Appeals clarified and reiterated the standards for weighing medical opinions:

> These standards, set forth in administrative regulations, describe (1) the various types of evidence that the Commissioner will consider, 20 C.F.R. § 404.1512; (2) who can provide evidence to establish an impairment, 20 C.F.R. § 404.1513; and (3) how that evidence will be evaluated, 20 C.F.R. § 404.1520b. . . . Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c).
>
> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), id. § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has

4

examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), id. § 404.1502, 404.1527(c)(2). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).

710 F.3d at 375-76.

In the present case, the medical record consists of three office visits, two consultative examinations, and no diagnostic testing. The ALJ determined that there had not been a material change in Plaintiff's condition after the February 8, 2011, decision and, therefore, he was bound by the prior finding that Plaintiff could perform the full range of medium work. See Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997); AR 98-4(6), 1998 WL 283902 (June 1, 1998).

Plaintiff was diagnosed with lumbago, right upper extremity pain, paresthesia, arthritis, obesity, and chronic pain. R. 273, 300, 320. When she presented to John Woods, M.D., for a consultative examination, she reported diagnoses of osteoarthritis, rheumatoid arthritis, and degenerative disc disease of the lumbar spine. R. 15, 275. She also reported that it had been recommended that she seek bilateral knee replacement surgery. The record contains no evidence of these diagnoses or recommendations.

Dr. Woods review of Plaintiff's musculoskeletal system revealed few symptoms, and those symptoms were much milder than Plaintiff described. Plaintiff had normal strength in all major muscle groups except the right upper extremity, for which her strength measured a four on a five-point scale. R. 277. Although some muscle wasting was present on the right

side, no other muscle wasting was present. While she had crepitus and chronic swelling in the knees, no other swelling was noted. There was no indication that the crepitus or swelling were painful or debilitating.

Dr. Woods opined that Plaintiff could occasionally lift up to ten pounds, never or rarely carry ten pounds, could sit continuously, stand or walk occasionally, reach occasionally, and stoop, kneel, or climb stairs never or on a very limited basis. R. 281.

The ALJ properly gave little weight to these functional restrictions because they were not consistent with the record as a whole nor were they consistent with Dr. Woods' examination of Plaintiff. For example, there were no MRIs or X-rays in the record that support Dr. Woods' assessment. Although Plaintiff had only a slightly reduced range of motion in her dorsolumbar spine and had normal range of motion in her cervical spine, no bony spinal abnormalities, no spinal tenderness, and no spinal spasms, Dr. Woods cited Plaintiff's low back pain as one of the bases for her limitations. R. 277-79. Although Plaintiff's knees were swollen, there is no explanation as to why swollen knees would reduce her capacity in the way that Dr. Woods opined and no diagnostic imaging to support these limitations.

The ALJ also assigned little weight to the opinion of Stanley King, P.A. Plaintiff presented with complaints of pain measuring an eight on the ten-point pain scale. R. 285. Despite the severe pain rating, Plaintiff gave a detailed history, was oriented, and was not in acute distress. Her gait was normal, she had no joint or muscle tenderness, and she had no pain and full range motion of motion in her upper spine. R. 286. Although Mr. King noted

6

"exquisite" tenderness in Plaintiff's lumbosacral spine, Plaintiff's pain responded to non-steroidal anti-inflammatory medication and heat. R. 285. Mr. King opined that Plaintiff could occasionally lift ten pounds, and frequently lift less than ten pounds; could sit for thirty minutes and stand or walk for fifteen minutes at a time; and could sit for four hours and stand or walk for four hours in an eight-hour workday. R. 290.

Like Dr. Woods' opinion, Mr. King's opinion was not consistent with the medical record indicating conservative treatment of mild symptoms or Plaintiff's history of working with her impairments. Thus, the ALJ's decision to give little weight to the opinion of Mr. King is supported by substantial evidence.

Next, according to Plaintiff, the ALJ did not properly assess her subjective complaints. The ALJ must consider a claimant's subjective testimony if he finds evidence of an underlying medical condition and (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. See Duncan v. Secretary, 801 F.2d 847, 852 (6th Cir. 1986). When evaluating a claimant's subjective complaints, an ALJ must consider, in addition to objective medical evidence and Plaintiff's work record, any evidence relating to Plaintiff's daily activities; duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. See 20 C.F.R. §§ 404.1529, 416.929. Here, the ALJ considered Plaintiff's testimony, medical and opinion evidence, activities of daily living, and inconsistencies between her allegations and the

evidence contained in the record and found that Plaintiff's complaints were not entirely credible.

Plaintiff failed to provide objective medical evidence confirming the severity of her alleged symptoms, and the treatment record does not indicate that her condition was of disabling severity. Over the counter medication generally controlled her symptoms, which provides further evidence that Plaintiff's condition was not as limiting as she claimed. See 20 C.F.R. § 404.1529(c)(3)(iv)-(v); SSR 96-7p; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990). See also Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").

Plaintiff's minimal treatment (three primary care visits to the health department and two examinations by consulting providers in the two years between the alleged onset date and the ALJ's decision) further belies Plaintiff's claims that she had debilitating pain. See Strong v. Commissioner, 88 Fed. App'x 841, 845 (6th Cir. 2004) ("Claimant simply failed to present any contemporaneous medical evidence of disability from the relevant time period.").

Contrary to her hearing testimony that handling small objects was "completely out of the question," Plaintiff did not list any difficulty using her hands when she prepared her adult function reports. R. 214, 242. Plaintiff completed two multi-page function reports in her own handwriting, contradicting claims that she cannot use her hands. R. 209-15, 237-42.

Moreover, Dr. Woods observed that Plaintiff's ability to grasp and manipulate objects was normal. R. 30, 278. While she claimed issues with her right hand, Dr. Woods recorded greater grip strength in Plaintiff's right hand than in her left. R. 28-29, 278. Although she

testified that she spent more time in bed than out due to back pain, Dr. Woods noted that Plaintiff could not lie back on the exam table. R. 33, 278. Plaintiff claimed debilitating limitations in the areas of standing, walking, and sitting, but the agency representative who assisted her with her claim observed no such problems. R. 200, 214, 242. Although she was a certified nurse's assistant, Plaintiff told an agency representative that she had no special training. R. 34, 204.

Additionally, Plaintiff worked for many years after a childhood right arm injury and the 2003 knee injuries without apparent problem. In the absence of evidence of exacerbation of her symptoms, there is no basis to conclude that Plaintiff could not continue to work. See Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform a substantial gainful activity.").

Finally, Plaintiff's daily activities support the ALJ's conclusion that she was not disabled. The ALJ may consider daily activities as one factor in the evaluation of subjective complaints. Plaintiff reported that she lived alone and cared for herself. R. 36, 209-16. Her activities included cooking, cleaning, shopping, driving, going to church, and managing her own finances. R. 209-16. These activities, Plaintiff's sparse and conservative medical treatment, and the inconsistencies between her claims of pain and the medical record, constitute substantial evidence in support of the ALJ's credibility assessment.

The ALJ determined that there was no evidence that Plaintiff's condition had changed since the ALJ's February 8, 2011, denial of benefits. Because her condition had not changed, the present ALJ was bound by the prior ALJ's determination that she maintained the capacity

to do medium work. See AR 98-4(6), 1998 WL 283902 (June 1, 1998) ("When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such RFC] from the final decision by an ALJ or the Appeals Council on the prior claim unless there is new and material evidence relating to such finding . . . ."). Thus, Plaintiff has failed to meet her burden of proving disability.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE